**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**KEVIN JAMES MURPHY, *et al.*,**

**Plaintiffs,**

**v.** **Case No. 3:26-cv-00115**

**CO RODNEY HALL, *et al.*,**

**Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Plaintiff's *pro se* Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order and subsequent designation has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 3, 5, 9, 10). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that this action be **DISMISSED** for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

## I. Relevant History

Plaintiff filed his form Complaint on February 17, 2026, asserting that on February 1, 2026, Defendant CO Rodney Hall screamed at Plaintiff without provocation and "hit [Plaintiff] in the face [multiple] times." (ECF No. 2, at 5–6). According to Plaintiff, this conduct constitutes "unusual punishment"—ostensibly, a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id.* at 7). Plaintiff,

therefore, asks that Defendant Hall be removed from his employment and also seeks monetary damages for pain and suffering. (*Id.*).

On July 6, 2026, the Court ordered Plaintiff to submit to the Court a fully completed and signed Application to Proceed Without Prepayment of Fees and Costs or otherwise pay the applicable filing fee by no later than August 5, 2026. (ECF No. 4). Plaintiff was advised that his failure to pay the fee or submit an amended Application as instructed may result in a recommendation that his complaint be dismissed. (*Id.* at 2). Plaintiff never responded.

On August 12, 2026, the Court entered an Order to Show Cause, notifying Plaintiff that the undersigned would recommend dismissal of this action for failure to prosecute and failure to abide by a Court order unless he complied with the Court's July 6, 2026, Order and showed good cause for retention of the case on the docket within thirty days. (ECF No. 6). The following day, Plaintiff's copy of the Court's July 6, 2026, Order was returned as "not deliverable as addressed" and "unable to forward." (ECF No. 7). No alternative address has been provided by Plaintiff, despite this Court's multiple notifications of Plaintiff's obligation to promptly advise the Clerk of Court of any changes in his address. *See* (ECF No. 4, at 2; ECF No. 6, at 2). To date, Plaintiff has neither paid the fee nor submitted an amended Application.

## II. <u>Discussion</u>

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal

Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v.*

---

[1] Fed. R .Civ .P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ. P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

*Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, in turn, the undersigned **FINDS** that dismissal is warranted. Plaintiff was advised that this case would not proceed if he did not complete the forms or pay the filing fee; yet, he failed to abide by those directives. Moreover, since initiating the case in February 2026, Plaintiff has made no effort to check on the status of the matter or contact the Court. He has also failed to keep the Court apprised of his current address after his apparent release or transfer from Western Regional Jail and Correctional Facility, where he was incarcerated at the time of his initial filing. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for months, and during that time there has been no action by, nor communication from, Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution.

As a rule, a delay in prosecution causes some measure of prejudice to Defendants as witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff disregarded the Court's Order, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Given that Plaintiff failed to file the proper paperwork or pay his filing fee, the Court is left with only two options: dismiss the case or allow it to sit on the docket dormant. The latter option is patently unfair to Defendants.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute his claim and abide by the Court's Order is unknown. Accordingly, the undersigned recommends that dismissal be **without prejudice** to account for the possibility that Plaintiff's dilatoriness is excusable and there is good cause to reopen or reinstitute the claim.

## III. <u>Proposal and Recommendations</u>

Wherefore, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, and this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Mazzone.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to mail a copy of the same to Plaintiff.

**DATED**: September 23, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE